NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE TELEFONAKTIEBOLAGET LM ERICSSON,**
*Petitioner.*

---

2014-127

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2013-00636.

-------------------------------------------------------------------

**IN RE TELEFONAKTIEBOLAGET LM ERICSSON,**
*Petitioner.*

---

2014-128

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2013-00601.

-------------------------------------------------------------------

**IN RE TELEFONAKTIEBOLAGET LM ERICSSON,**
*Petitioner.*

---

2014-129

———————————

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2013-00602.

———————————

**ON PETITION**

———————————

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

**O R D E R**

These petitions for writs of mandamus arise out of ongoing *inter partes* review proceedings before the Patent Trial and Appeal Board ("Board"). Broadcom Corp. brought the petitions challenging three of Telefonaktiebolaget L.M. Ericsson ("Ericsson")'s U.S. patents. Ericsson moved for additional discovery concerning whether Broadcom's petitions were barred under 35 U.S.C. § 315(b) because, Ericsson asserts, Broadcom is a privy* of defendants to litigation filed more than one year before the *inter partes* review petitions.

In denying Ericsson's request for additional discovery, the Board noted that under applicable statutes and regulations a movant must demonstrate that the discovery was in "the interest of justice." *See* 35 U.S.C. § 316(a)(5); 37 C.F.R. § 42.51(b)(2). The Board concluded that Erics-

———————————

\* A "privy" generally refers to a sufficiently close relationship between the purported privy and the relevant other party such that both should be bound by the trial outcome and related estoppel provisions.

son had not met that standard because Ericsson's arguments and evidence did not show more than a "mere possibility" of uncovering useful information related to privity.

In seeking mandamus relief to compel such discovery, Ericsson faces a heavy burden. It must show: (1) that it has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which it may obtain that relief; and (3) that the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004); *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976). Ericsson has not shown that this standard has been met. We deny the petition without prejudice to Ericsson attempting to raise its arguments on appeal after final decision by the Board.

Accordingly,

IT IS ORDERED THAT:

The petitions for writs of mandamus are denied.


FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court


s30