Mr Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 The United States had instituted their suit against Joseph. Nourse in the circuit court for the District of Columbia, in the county of Washington, on ah account authenticated according to law, by the proper accounting officers., The cause being at issue .on the plea of non assumpsit, the following cáse was agreed between the parties.
 

 “In this case it is agreed that the suit is instituted upon a transcript from the treasury of the United States, which is annexed to the record hi a former proceeding originating in the district court of the district of Columbia, and brought before the supreme court by appeal. And it is farther agreed, that the defendant shall have the same benefit of the proceedings,in said case as if the same had been pleaded, or as if given in evidence upon the trial of the general issues-; and upon this statement judgment shall be given as upon a case agreed, and either party be at liberty to refer to the printed record in said case of Nourse v. The United States, as if the same were fully incorporated into this record.”
 

 The case referred to in this special statement grew out of a warrant of distress, issued by the treasury department on the 14th day of July 1829, directed to the marshal of the district of Columbia, commanding him to levy and collect the sum of 11,769 dollars and 13 cents, by distress and sale of the goods and chattels of Joseph Nourse, late register of the treasury. This warrant was issued in pursuance of the act of May 15th, 1820, “providing for the better organization of the treasury department.” The third section of this act enacts in substance that “if any officer employed in the civil, military or naval departments of the government to disburse the public money appropriated for the service of those departments respectively, shall fail to render his accounts, or pay. over in the manner required by law any sum of money remaining in the hands of
 
 *26
 
 such officer, it shall be the duty of the officer charged with the revision of the accounts of such officer, to cause the same to be stated to the agent of the treasury, who is required to proceed against the delinquent in the manner directed in the preceding section.” That section directs the agent of the treasury to iásue a warrant of- distress against such delinquent officer and his sureties, directed to the marshal, who shall proceed to levy .an.d collect the money remaining due by distress and sale of the goods and chattels of such delinquent officer, having given ten days notice of such intended sale; and if the goods and chattels be not sufficient to satisfy the said warrant, the same may be levied on the person of such officer, &c.
 

 The fourth section provides 'that if any person shall consider himself aggrieved by any warrant issued under the act, he may prefer a bill of complaint to any district judge, setting forth the nature and extent of the-injury of .which he complains, and .thereupon the judge may grant an injunction to stay proceedings on such warrant altogether, or for so much thereof as the nature of the case requires; and the same proceeding shall be had on such injunction as in other cases, except that no answer shall be required on the part of the United States.
 

 Under the authority given by this section, an injunction was awarded by William Crancb, chief justice of the district of Columbia, arid judge of the court of the United States for that district, to stay all farther proceedings on the said warrant..'
 

 In his bill, the complainant states that his public accounts as register of the treasury of. the United States, and agent of the treasury department in disbursing certain funds, .and- settling certain accounts of contingencies and other miscellaneous'matters, and as agent for the joint library committees of- congress, have been settled at the treasury since,his removal from office ; upon which settlement a pretended balance has been found against him. for the sum of
 
 11,230
 
 dollars and 26 cents,
 
 for
 
 which a warrant of distress has been issued by the agent of the treasury, which has been levied on his lands, tenements, goods and chattels by the, marshal of the district. That the said account is unjust and illegal, and so far from any balance being due thereon to the United States, a considerable balance should have been struck thereon in favour of the complainant:
 
 *27
 
 as appears by an account annexed to the bill, which he declares to be just and true.
 

 That besides his regular duties as register, he was, from the year 1790 till his recent dismission from office, employed by the proper department of the- government in the separate business of special agent for the disbursement of the contingent funds of the treasury department, and for the settlement of the ■ numerous accounts connected therewith. These duties dé-volved upon him great labour and responsibility, and occupied a great portion of his private hours. When he undertook this branch of public employment, no stipulation was made for the precise .amount of compensation. The usage of the treasury and other departments of the government has invariably bee'n to allow commissions not only to unofficial persons so employed; but to official persons and clerks of the departments, when such duties were distinct from the stated duties appertaining to their offices. That he has regularly made out and presented his account to the proper accounting officers of the treasury1; charging his commission at .the rate of two and a half per cent on the .amount of his disbursements; which, if allowed, would leave the United States indebted tb him in the sum of 9886 dollars and 24 cents, which he believes to be justly due to him.
 

 The complainant further states , that he is advised that the act of congress under which the said'warrant of distress is pretended to have been issued, being a law in derogation of common right, ought to be construed with the utmost strictness ; but that on no reasonable construction can this complainant or his accounts, either as register of the treasury, or as agent of t he joint library committees of congress, be brought within the description of persons over whom that act gives jurisdiction to the agent of the treasury. The bill prays for an injunction and for further relief.
 

 The United States in their answer refer to and rely on tire general account of the complainant settled by the proper officer of the government, by which he was found indebted in the sum of 11,769 dollars and 13 cents. They admit that the complainant hail rendered an account charging a commission of two and a half per cent on all the moneys which had passed through his hands in the different agencies in which he Had acted, exhibiting a balance in his favour of 9367 dollars and
 
 *28
 
 87 cents. They deny the right of the complainant to a commission on the moneys disbursed by him; and contend that they were authorised by law to enforce the payment of the balance due to the government .by warrant of distress. They therefore pray that the injunction may be dissolved, and that they may be permitted to pursue their legal remedies for the sum due to them.
 

 The court determined that the said Joseph Nourse was entitled to- compensation for the extra services he had rendered to the government, in the agencies mentioned in the bill; and appointed auditors to ascertain the value of his services and compensation, and to report thereon without delay. The report of the auditors allowed to the complainant, a commission of two and a half per cent, on the sum of 943,308 dollars and 83 cents, disbursed by him in the several agencies in which he had been employed, leaving a balance due to him from the United States.
 

 The report was confirmed and the injunction made perpetual, -
 

 Some farther proceedings were .iad in that cause which do not affect the case now before this court.
 

 This suit is instituted on the same account on which the distress warrant was issued, and against which the decree of the district judge was pronounced. The defendant relies, on that decree as a bar to the action. The circuit court adjudged it to be a bar; and that judgment is now to be revised in this court.
 

 It is a rule to which'no. exception is recollected, that the judgmént of a court of competent jurisdiction, while unreversed, concludes the subject matter as between the same parties.' They cannot again bring it into litigation.
 

 An execution is the end of the law. It gives the successful party the fruits of his judgment, and the distress warrant is a most effective exécution. It may act on the body and estate of the individual against whom it is directed.
 

 It would bxQite some surprise if, in a government of laws and of principle, furnished with a department whose appropriate duty it is to decide questions of right, not only between individuals, but between the government and individuals; a ministerial officer might, at his discretion,, issue this powerful
 
 *29
 
 process, and levy on the person, lands and chattels of the debtor, any sum he might believe to be due, leaving to that debtor no remedy, no appeal to the laws of his country, if he shoidd believe the claim to be unjust. But this anomaly does not exist; this imputation cannot be cast on the legislature of the United States. While it was perceived that the public interest required a prompt remédy against public defaulters, the legislature was not unmindful of the rights of individuals, and provided that this remedy should not be used oppressively. The party who thinks himself aggrieved may appeal from the decision of the treasury to the law, and prefer a bill of complaint to any district judge of the United States, setting forth therein the nature and extent of. the injury ;■ who may grant an injunction to stay proceedings on such, warrant altogether, or for so much thereof as the nature of the case requires. And the same proceedings shall be had on such injunctions as in other cases, except that no answer shall be required on the part of the United States.
 

 Joseph Nourse, in pursuance of the permission given by this section, did file his bill of complaint, alleging among other things, that he owed nothing to the United States, and praying the judge to enjoin all farther proceedings on the warrant. The injunction was granted, and the whole cause thus transferred before the district judge, who was directed to proceed therein as in other cases. He had consequently full jurisdiction over it. After a reference to auditors, according to the course of courts of chancery in. matters of account, he pro-, nounced his final decree against the United States, and awarded a perpetual injunction. This decree is now in full force, and was in force when this suit was instituted. The act of congress gave jurisdiction in the specific case to the district judge. He might have enjoined the whole or a part of the warrant. His decree uiight have been for or against the United States, for the whole or a part of "the claim. On the sum which he found to be due, he is directed to assess the lawful interest; he may add such damages as, with the interest, shall not exceed the rate of ten percent per annum on the principal sum. Had the district judge finally enjoined a part of the sum claimed by the United States, and decreed, that the residue should be paid with interest, all would perceive the unfitness of asserting
 
 *30
 
 a claim in a new action to that portion of the debt which ha i been enjoined by the decree of the court. And yet betweei i the obligation of a decree against the whole claim, and against a part of it, no distinction is perceived.
 

 Aware of the difficulty of maintaining an action on a claim on which a court of competent jurisdiction has passed a judgment, still in force; the attorney-general questions the jurisdiction of the district court, and rests his argument for the reversal of the' judgment of the circuit court chiefly on this point. He contends, that Joseph Nourse-was not an officer contemplated by the act providing for the better organization of the treasury department; that the warrant of distress could not legally be issued against him; and consequently, that this is not a case in which the district court can exercise jurisdiction. He refers to the bill of complaint, which is drawn with a double aspect. It alleges that the. complainant, is not indebted to the United States ; and that, were it otherwise, he is not an officer contemf lated by/the act against whom a distress warrant can legally 1 e issued.'
 

 This argument has been considered.
 

 Did the case depend upon the question whether Joseph Nourse, in any of the characters in which, he is charged in the account accompanying the warrant, was an officer subjected by law to this process, some difficulty would exist in finding in the record sufficient information on which to decide it. The following are the items of the account. To balance due,
 

 As agent for the joint library committee of congress,
 
 $2,502 55
 

 As-agent for paying the , expenses of stating and printing the public; accounts, 934 98
 

 As agent for paying the superintendent and watchmen of the buildings occupied by the state and treasury departments, 1,325 41
 

 As agent for paying the expenses of'printing certificates of the public debt, 1,011 29
 

 As agent for paying the contingent expenses of the treasury department. 5,994 90
 

 $11,769 13
 

 Whether in any or all of these agencies, Joseph Nourse acted
 
 *31
 
 as an officer against whom a distress warrant could legally be issued, for any sum in which he might be found a defaulter, the record does not furnish the means of deciding clearly. But the district court took ho notice of that part of the bill which suggests this objection. - It acted on the merits of the case, and decreed against the United States on those merits.
 

 Still,, however, the attorney-general contends, that in so doing, it transcended its jurisdiction, and has taken cognizance of a case which could not legally be brought before it. This is founded entirely on the assumption that the warrant ivap issued against a person not liable to it.
 

 Let-this be conceded.
 

 It woujd be strange indeed if the legislature, intending to give a prompt , remedy against a particular class of debtors, should carefully guard that class against any abuse of the remedy; and yet leave all other persons, whether debtors or not, exposed to that abuse: that an officer liable to the process should be enabled to correct it, if it issued injuriously, by appealing to the law : and yet that an individual not liable- to the process, should .be compelled to submit to the oppression and to suffer the wrong.
 

 The act is not chargeable with this inattention to the rights of individuals.
 

 The sections which regulate the proceedings of the treasury department on the warrant, contemplate, the officer against whom it may be issued, and confine it to him: but whén the legislature turns its attention to the individual against whom it may issue, the language of the law is immediately changed. The word person is substituted for officer, and the act declares “ that if any person should consider himself aggrieved by any warrant issued under this act, he may prefer a bill of complaint, &c., and thereupon the judge may grant an injunction, &c.”
 

 The character of the individual against whom the warrant may be issued is entirely disregarded by this part, of the act. Be he whom he may, an officer or. not an officer, a debtor or not a debtor; if the warrant be levied on his person or property, he is permitted to appeal to the laws of his country, and to bring his case before the district judge, to be adjudicated by him.
 

 
 *32
 
 The district court then had complete jurisdiction over this case, and its decision is final. The judgment is consequently a bar to any subsequent action for the same cause. The judgment of the circuit court is affirmed.
 

 This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Columbia, holden in and for the county of Washington, and .was argued by
 
 counsel;
 
 on consideration whereof, it is adjudged and ordered, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed.