Nott, Ch. J.,
delivered the opinion of the court:
The Act %8th May, 1896 (29 Stat. L., 184), provides:
“That the terms of office of all commissioners of the Circuit Courts heretofore appointed shall expire on the thirtieth day of Juno, eighteen hundred and ninety-seven; and such office shall on that day cease to exist, and said commissioners shall then deposit all the records and other official papers appertaining to their offices in the office of the clerk of the Circuit Court bjr which they were appointed.”
In this case the clerk filed the papers so deposited and seeks to recover the ordinary fees for filing papers, which fees amount in the aggregate to $993.
The defendants contend that the statute above quoted does not contemplate the filing of the papers as a part of the records of the office and that the clerk is entitled to no fee whatever.
Probably some of these papers were papers which the commissioners would have returned to the clerk’s office for filing if they had continued in office, but it is impossible for the court to say how far this probability extends. The question, therefore, is simply this, whether depositing is equivalent within the intent of the statute to filing — whether all papers deposited should be filed.
The term “filing” is one well understood; the term “deposited ” does not necessarily mean filing -and of. itself indicates nothing more than that the clerk’s office should become, for the papers of the outgoing commissioners, a depository, a place of storage, where thej'' would remain for safe-keeping and be found if any of them should ever be wanted.
But in the case of Marsh v. The United States (88 Fed. Pep., 879, 890, item 57) the District Court for the northern *217 district of Florida bad this question under advisement, and held:
“ The same act also requires that £ said commissioners shall then deposit all records and other official papers appertaining to their offices in the office of the clerk of .the Circuit Court by which they were appointed.’ Does this authorize the filing by the clerk of all papers sent in under this act? It seems clear that they become part of the records and files of the court. Some of the papers so sent in would, in any event, be sent up to be filed by the clerk, being papers in criminal cases, which there is no dispute as to the duty of the clerk to file; and in fact all but five dockets are papers of this nature, which should have been filed in any event. As to the others, as they become part of the files of the court, they should be properly indorsed and placed on the files. It is necessary for the clerk to maintain possession of the papers so sent up, to place them away in a. safe place, and do all such acts as are included in the filing fee. There is no other compensation provided therefor, and the clerk should not be thus burdened without compensation when there is an adequate and proper fee.”
The defendants rested content. They had the right of appeal, but they did not see fit to exercise it. The judgment stands as a final adjudication of the rights of the parties.
It was said in the case of Meigs (20 C. Cls. B., p. 185), where the defendants, instead of appealing from a judgment against them, put the claimant to a second action:
“The defendants had their day in court, they have submitted their defenses to a court of competent jurisdiction, and the issue has been decided against them. That issue is forever settled between the parties in all future litigation. Such is well-settled law between citizens, as decided by the Supreme Court in elaborately considered casthe es. (Beloit v. Morgan, 7 Wall., 619; Cromwell v. County of Sac, 94 U. S. R., 351; United States v. Nourse, 9 Pet., 8.) Interest reipuhlÁcm ut sit finis litiimi.
“The judgment of this court might have been reviewed by the Supreme Court had the Attorney-General so elected. But he abandoned an appeal at the request, it is understood, of both the Secretary of. the Interior and the Secretary of the Treasury, and his action is the action of the defendants.” (United States v. Babbitt, 104 U. S. B., 767.)
In the present case the parties are different, though the defendants are the same; and the decision in Marsh v. United States, of course, is not an estoppel that the present claimant can set up. But it is not to be supposed that the Govern *218 ment desires that a clerk in one circuit shall be paid for his services and another in another circuit shall be denied compensation for the same services; neither does it comport with the judicial integrity of the Federal authority that there be one law in one judicial district and an opposite law in another and that a gross diversity of statutory interpretation will make a suitor’s legal rights dependent upon the jurisdiction in which he may chance to be. It is such uncertainties which bring reproach to the administration of justice, and the}^ are not to be tolerated when the means exist for bringing the diversities into one unquestionable rule. If in the case now before us the claimant had the right of appeal, this court would be at liberty to further examine the question involved and express freely its own conclusion. But in view of the fact that the defendants have, and they alone have, the means to correct the error, if error there be, the court is constrained to follow the decision above quoted and submit the determination of the question involved to that tribunal whose august province it is to reconcile all differences which may exist in the various branches of the Federal judiciary.
The judgment of the court is that the claimant recover from the United States the sum of $993.