Opinion for the court filed by Circuit Judge Reyna, in which Chief Judge Prost and Circuit Judges Newman, Moore, O’Malley, Wallach, Taranto, Chen, and Stoll join. Concurring opinion filed by Circuit Judge O’Malley. Dissenting opinion filed by Circuit Judge Hughes, in which Circuit Judges Lourie, Bryson, and Dyk join. REYNA, Circuit Judge. Congress has prohibited the Director of the United States Patent and Trademark Office from instituting inter partes review if the petition requesting that review is filed more than one year after the petitioner, real party in interest, or privy of the petitioner is served with a complaint for patent infringement. 35 U.S.C. § 315(b). Congress also provided that the Director’s determination “whether to institute an inter partes review under this section shall be final and nonappealable.” Id. § 314(d). The question before us is whether the bar on judicial review of institution decisions in § 314(d) applies to time-bar determinations made under § 315(b). In Achates Reference Publishing, Inc. v. Apple Inc., 803 F.3d 652, 658 (Fed. Cir. 2015), a panel of this court held' in the affirmative that a § 315(b) time-bar determination is final and nonappealable under § 314(d). Today, the court revisits this question en banc. We recognize the strong presumption in favor of judicial review of agency actions. To overcome this presumption, Congress must clearly and convincingly indicate its intent to prohibit judicial review. We find no clear and convincing indication of such congressional intent. We therefore hold that the time-bar determinations under § 315(b) are appealable, overrule Achates’s contrary conclusion, and remand these cases to the panel for further proceedings consistent with this opinion. I. Background A. America Invents Act In 2011, Congress passed the Leahy-Smith America Invents Act (“ALA”), which created inter partes review (“IPR”) proceedings. See Pub. L. No. 112-29, § 6(a)-(c), 125 Stat. 284, 299-305 (2011); 35 U.S.C. §§ 311-319. IPR and other post-grant proceedings are intended to be quick and cost effective alternatives to litigation for third parties to challenge the patentability of issued claims. H.R. Rep. No. 112-98, pt. 1, at 48 (2011); 157 Cong. Rec. 2,710 (2011) (statement of Sen. Grassley). Sections 31Í and-312 of Title 35 establish who may petition for IPR, the grounds for review in an IPR, the earliest permitted time for a petition for an IPR, and the requirements of the petition for an IPR. Under § 311, a person who is not the owner of a patent may petition the Director to institute IPR of one or more patent claims on permitted grounds, alleging unpatentability on certain prior art bases. Section 312 provides that the petition must, among other things, “identify], in writing and with particularity, each claim challenged, the grounds on which the challenge to each claim is based, and the ‘ evidence that supports the grounds for the challenge to each claim.” 35 U.S.C. § 312(a)(3). Section 313 provides that the patent owner may file a preliminary response to the petition. In § 314, subsection (a) prescribes the threshold “determination]” required for the Director to institute: a “reasonable likelihood” that the petitioner will succeed in its patentability challenge to at least one of the challenged patent claims. Subsections (b) and (c) prescribe the. timing of and notice requirements for the institution decision. And § 314(d) addresses judicial review of the Director’s IPR institution determination under § 314. Specifically, § 314(d) provides that “[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.”[2] (emphasis added). The remainder of the IPR-related provisions of the AIA go beyond the preliminary procedural requirements and the preliminary determination regarding likely unpatentability. Section 315, for example, governs the relationship between IPRs and other proceedings conducted outside of the IPR process. The provision at issue in this appeal, § 315(b), provides that “[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a .complaint alleging infringement of the patent.” This one-year time bar does not apply to a request for joinder under §,. 315(c). Section 316 addresses the “conduct of’ IPRs, including amendments of the patent and evidentiary standards. Section 317 addresses settlement. ' If the Director determines to institute IPR, in most cases, the Board must “issue a final written decision with respect to the patentability of any patent claim challenged by the petitioner,” as well as any new claims added during IPR. 35 U.SU. § 318(a). Any party to IPR “dissatisfied” with the final written decision may appeal that decision to this court. Id. §§ 141(c), 319. B. Achates In 2015, a panel of this court decided the same issue before us today: whether § 314(d) precludes' judicial review of § 315(b) time-bar determinations. In Ac-hates, the Board canceled certain patent claims through IPR. 803 F.3d at 653. On appeal, the patent owner argued that the Board acted outside of its statutory authority by instituting IPR on a petition that was time-barred under § 315(b). Id. The panel rejected this argument, holding that “35 U.S.C. § 314(d) prohibits this court from reviewing the Board’s determination to initiate IPR proceedings based on her assessment of the time bar ■of § 315(b), even if such assessment is reconsidered during the merits phase of proceedings and restated as part of the final written decision.” Id. at 658. According to the panel, the Board’s misinterpretation of § 315(b) does not constitute ultra vires agency action that might otherwise support judicial review. Id. at 658-59. Concluding that this court is barred from reviewing § 315(b) decisions, the panel dismissed for-lack of jurisdiction. Id. at 659. C. Cuozzo Subsequent to our decision in Achates, the Supreme Court decided Cuozzo Speed Technologies, LLC v. Lee, — U.S. -, 136-S.Ct. 2131, 195 L.Ed.2d 423 (2016). In Cuozzo, the Court addressed whether § 314(d) bars judicial review of determinations regarding compliance with § 312(a)(3), ie., whether the petition identified with sufficient particularity “each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim.” Id. at 2139-42. The Supreme Court’s analysis of § 314(d) began with a recognition of the “ ‘strong presumption’ in favor of judicial review.” Id. at 2140 (quoting Mach Mining, LLC v. EEOC, — U.S. -, 135 S.Ct. 1645, 1651, 191 L.Ed.2d 607 (2015)). The Court explained that the presumption of judicial review “may be overcome by ‘ “clear and convincing” ’ indications, drawn from ‘specific language,’ ‘specific legislative history,’ and ‘inferences of intent drawn from the statutory scheme as a whole,’ that Congress intended to bar review.” Id. (quoting Block v. Cmty. Nutrition Inst., 467 U.S. 340, 349-50, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984)). The Supreme Court held that the presumption in favor of judicial review was overcome regarding whether a petition met,the requirements of § 312(a)(3). Id. at 2142. The Court considered the dispute about § 312(a)(3)’s particularity requirement to be “an ordinary dispute” over the Director’s institution decision. Id. at 2139. The Court concluded that § 314(d) “must, at the least, forbid an appeal that attacks a ‘determination ... whether to institute’ review by raising this kind of legal question and little more.” Id. (alteration in original). The Court spoke of “the kind of'initial determination at issue here—that there is a ‘reasonable likelihood’ that the claims are unpatentable on the grounds asserted.” Id. at 2140 (quoting § 314(a)). The Court held: where a patent holder merely challenges the Patent Office’s “determin[ation] that the information presented in the petition ... shows that there is a reasonable likelihood” of success “with respect to at least 1 of the claims challenged,” § 314(a), or where a patent holder grounds its claim in a statute closely related to that decision to institute inter partes review, § 314(d) bars judicial review. Id. at 2142 (alterations in original). The Supreme Court noted that the question of whether a petition was pleaded with particularity amounted to “little more than a challenge to the Patent Office’s conclusion, under § 314(a), that the ‘information presented in the petition’ warranted review.” Id. In the Court’s words, a challenge to the sufficiency of the “information presented in the petition” was a nonappealable “mine-run” claim. Id. at 2136, 2142. The dissent contends that the’ statutory language of § 314(d) “is absolute and provides no exceptions.” Dissenting Op. at 1380. The Supreme Court in Cuozzo rejected this contention. The Court made clear that its holding was limited; it expressly left open the potential for review, under certain circumstances, of decisions to institute IPR. First, the Court emphasized that its “interpretation applies where the grounds for attacking the decision to institute inter partes review consist of questions that are closely tied to the application and interpretation of statutes related to” the institution decision, emphasizing the “under this section” language of § 314(d) in the citation that follows. 136 S.Ct. at 2141. In stating its holding (quoted above), the Court further tied the “closely related” language to the specific “reasonable likelihood” determination made under § 314(a). Id. at 2142. The Court expressly declined to “decide the precise effect of § 314(d) on appeals that implicate constitutional questions, that depend on other less closely related statutes, or that present other questions of interpretation that reach, in terms of scope and impact, well beyond ‘this section.’”[3] Id. at 2141 (emphases added). Second, the Court noted that its holding does not “categorically preclude review of a final decision where a petition fails to give ‘sufficient notice’ such that there is a due process problem with the entire proceeding.” Id. Finally, the Court wrote that its holding does not “enable the agency to act outside its statutory limits by, for example, canceling a patent claim for ‘indefiniteness under § 112’ in inter partes review.” Id. at 2141-42. “Such ‘shenanigans,’” according to the Court, “may be properly reviewable in the context of § 319 and under the Administrative Procedure Act.” Id. at 2142. D. The Present Appeal In 2010, Telefonaktiebolaget LM Ericsson (“Ericsson”) filed its complaint for infringement of U.S. Patent Nos. 6,772,215 (“’215 patent”), 6,466,568 (“’568 patent”), and 6,424,625 (“’625 patent”) in the United States District Court for the Eastern District of Texas against multiple defendants.[4] The case progressed to a jury trial, where the jury found that the defendants infringed the asserted claims. This court reviewed that determination. Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201 (Fed. Cir. 2014). Broadcom Corporation (“Broad-com”), the appellee here, was never a defendant in that litigation. In 2013, Broadcom filed three separate petitions for IPR of the ’215, ’568, and ’625 patents.[5] When Broadcom filed the IPR petitions, Ericsson owned these patents. During the pendency of the IPRs, Ericsson transferred ownership of the three patents to Wi-Fi One, LLC (“Wi-Fi”). In response to Broadcom’s petitions, Wi-Fi argued that the Director was prohibited from instituting review on any of the three petitions. Specifically, Wi-Fi argued that the Director lacked authority to institute IPR under § 315(b) because Broadcom was in privity with defendants that were served with a complaint in the Eastern District of Texas litigation. Wi-Fi alleged that the IPR petitions were therefore time-barred under § 315(b) because Ericsson, the patents’ previous owner, had already asserted infringement in district court against defendants that were in privity with petitioner Broadcom more than a year prior to the filing of the petitions. Wi-Fi filed a motion seeking discovery regarding indemnity agreements, defense agreements, payments, and email or other communications between Broadcom and the defendants in the Eastern District of Texas litigation. The Board denied both the motion and Wi-Fi’s subsequent motion for rehearing. Wi-Fi petitioned this court for a writ of mandamus, which we denied. In re Telefonaktiebolaget LM Ericsson, 564 Fed.Appx. 585 (Fed. Cir. 2014). The Board instituted IPR on the challenged claims, and issued Final Written Decisions finding the challenged claims un-patentable. In the Final Written Decisions, the Board determined that Wi-Fi had not shown that Broadcom was in privity with the defendants in the Eastern District of Texas litigation, and therefore, the IPR petitions were not time-barred under § 315(b). Broadcom Corp. v. Wi-Fi One, LLC, No. IPR2013-00601, 2015 WL 1263008, at *4-5 (P.T.A.B. Mar. 6, 2015); Broadcom Corp. v. Wi-Fi One, LLC, No. IPR2013-00602, 2015 WL 1263009, at *4 (P.T.A.B. Mar. 6, 2015); Broadcom Corp. v. Wi-Fi One, LLC, No. IPR2013-00636, 2015 WL 1263010, at *4 (P.T.A.B. Mar. 6, 2015). Wi-Fi appealed the Final Written Decisions, arguing, among other things, that this court should reverse or vacate the Board’s time-bar determinations. A panel of this court rejected Wi-Fi’s arguments, reasoning that Achates renders the § 315(b) time-bar rulings nonappealable. See Wi-Fi One, LLC v. Broadcom Corp., 837 F.3d 1329, 1333 (Fed. Cir. 2016) (“Wi-Fi does not dispute that Achates renders its challenge to the Board’s timeliness ruling nonappealable if Achates is still good law.”). Because the panel concluded that Cuozzo did not implicitly overrule Achates, it held Wi-Fi’s time-bar challenges to be unreviewable, and affirmed. Id. at 1334-35, 1340; see also Wi-Fi One, LLC v. Broadcom Corp., 668 Fed.Appx. 893 (Fed. Cir. 2016) (summarily affirming the time-bar decisions on the ’568 and ’625 patents). Wi-Fi petitioned for rehearing en banc. We granted Wi-Fi’s petition to consider whether we should overrule Achates and hold that the Director’s § 315(b) time-bar determinations are subject to judicial review. The question presented for en banc rehearing is: Should this court overrule Achates Reference Publishing, Inc. v. Apple Inc., 803 F.3d 652 (Fed. Cir. 2015) and hold that judicial review is available for a patent owner to challenge the PTO’s determination that the petitioner satisfied the timeliness requirement of 35 U.S.C. § 315(b) governing the filing of petitions for inter partes review? Wi-Fi One, LLC v. Broadcom Corp., 851 F.3d 1241, 1241 (Fed. Cir. 2017). II. Discussion As with any agency action, we apply the “strong presumption” favoring judicial review of administrative actions, including the Director’s IPR institution decisions.[6] Cuozzo, 136 S.Ct. at 2140; see also Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 424, 115 S.Ct. 2227, 132 L.Ed.2d 375- (1995) (“[F]ederal judges traditionally proceed from the ‘strong presumption that Congress intends judicial review.’ ”); Bowen v. Mich Acad. of Family Physicians, 476 U.S. 667, 670, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986); United States v. Nourse, 34 U.S. (9 Pet.) 8, 28-29, 9 L.Ed. 31 (1835). Accordingly, if a statute is “reasonably susceptible” to an interpretation allowing judicial review, we must adopt such an interpretation, Kucana v. Holder, 558 U.S. 233, 251, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010); Gutierrez de Martinez, 515 U.S. at 434, 115 S.Ct. 2227. In view of this strong presumption, we will abdicate judicial review only when Congress provides a “clear and convincing” indication that it intends to prohibit review. Cuozzo, 136 S.Ct. at 2140; see Lindahl v. Office of Pers. Mgmt, 470 U.S. 768, 778, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); Bloch, 467 U.S. at 349-50, 104 S.Ct. 2450; Return Mail, Inc. v. U.S. Postal Serv., 868 F.3d 1350, 1357 (Fed. Cir. 2017). We find no clear and convincing indication in the specific statutory' language in the AIA, the specific legislative history of the AIA, or the statutory scheme as a whole that demonstrates Congress’s intent to bar judicial review of § 315(b) time-bar determinations. See Cuozzo, 136 S.Ct. at 2140. The parties have not cited, nor are we aware of, any specific legislative history that clearly and convincingly indicates congressional intent to bar judicial review of § 315(b) time-bar determinations. We review the statutory language and the statutory scheme in turn. •Starting with the statutory language, § 314(d) provides that “[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable.” (emphasis added). The natural reading of the statute limits the reach of § 314(d) to the determination by the Director whether to institute IPR as set forth in § 314. Subsection (a) of § 314—the only subsection addressing substantive issues that are part of the Director’s determination “under this section”—reads: (a) Threshold.—The Director may not authorize an inter partes review to be instituted unless the Director ■ determines that the information present in the petition filed under section 311 and any response filed under section 313 shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition. Subsection (a) does only two things: it identifies a threshold requirement for . institution, and as Cuozzo recognized, it grants the Director discretion not to institute even when the threshold is met. 136 S.Ct. at 2140 (“[T]he agency’s decision to deny a petition is a matter committed to the Patent Office’s discretion.”). It does not address any other issue relevant to an institution determination. The language of § 314(a) defines the threshold in terms of determinations that are focused on the patentability merits of particular claims. This determination is only preliminary, aimed just at what is reasonably likely to be decided when patentability is fully addressed, should an IPR be instituted. See Cuozzo, 136 S.Ct. at 2140. In referring to the preliminary patentability determination, the ’ Court characterized the Director’s discretion regarding institution as being “akin to decisions which, in other contexts, we have held to be unreviewable.” Id.[7] In contrast, § 315(b) controls the Director’s authority to institute IPR that is unrelated to the- Director’s preliminary patentability assessment or the Director’s discretion not to initiate an IPR even if the threshold “reasonable likelihood” is present. Section 315(b) reads: (b) Patent Owner’s Action. An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent. The time limitation set forth in the preceding sentence shall not apply to a request for joinder under subsection (c). The dissent states that § 315(b) “does not go to the merits of the petition.” Dissenting Op. at 1378. This is correct. The time-bar decision is nowhere referred to in § 314(a). Additionally, the time bar is not focused on particular claims, whereas § 314(a)’s threshold determination is; the time bar involves only the time of service of a complaint alleging infringement “of the patent.” Nothing in § 315(b) sets up a two-stage process for addressing the time bar: the time-bar determination may be decided fully and finally at the institution stage. The time-bar determination, therefore, is not akin to either the non-initiation or preliminary-only merits determinations for which unreviewability is common in the law, in the latter case because the closely related final merits determination is reviewable. See supra note 7. Because § 314(a) does not mention this distinct issue, the . PTO’s position that the time-bar determination is unreviewable runs counter to the principle, as reflected in Cuozzo, that favors reading the statute to comport with, not depart from, familiar approaches to comparable issues.[8] This reading is consistent with the overall statutory scheme as understood through the lens of Cuozzo’s directive to examine the statutory scheme in terms of what is “closely related” to the § 314(a) determination. The Supreme Court in Cuozzo stated that “§ 314(d) bars judicial review” both when “a patent holder merely challenged the Patent Office’s ‘deter-min[ation] that the'information presented in the petition ... shows that there is a reasonable likelihood’ of success ‘with respect to at least 1 of the claims challenged,’ § 314(a)” and, in addition, When “a patent holder grounds its claim in a statute closely related to that decision to institute inter partes -review.” 136 S.Ct. at 2142 (alterations in- original) (emphasis added). The statutory scheme demonstrates that several sections of the AIA, such as the preliminary procedural requirements stated in §§ 311-13, relate more closely to the determination by the Director. The “reasonable likelihood” determination under § 314(a) is clearly about whether “the claims are unpatentable on the grounds asserted.” Id. at 2140. The Court’s statement of its holding thus strongly points toward unreviewability being limited to the Director’s determinations closely related to the preliminary patentability determination or the exercise of discretion not to institute. Whether a petitioner has complied with § 315(b) is not such a determination, as it has nothing to'do with the patentability merits or discretion not to institute. The time-bar provision contrasts with many of the preliminary procedural requirements stated in §§ 311-13, which relate to the Director’s ability to make an informed preliminary patentability determination pursuant to § 314(a). Specifically, § 315(b) time-bar determinations are fundamentally different from those evaluating the satisfaction of § 312(a)(3)’s requirements, at issue in Cuozzo. Section 312(a)(3) demands particularity as to “each claim challenged, the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim.” That requirement is closely tied to the Director’s determination of a “reasonable likelihood” of unpatentability of at least one claim. The time bar is not. The issue that Wi-Fi appeals also is not “some minor statutory technicality.” Cuozzo, 136 S.Ct. at 2140. The time bar is not merely about preliminary procedural requirements that may be corrected if they fail to reflect real-world facts, but about real-world facts that limit the agency’s authority to act under the IPR scheme.[9] The timely filing of a petition under § 315(b) is a condition precedent to the Director’s authority to' act. It sets limits on the Director’s statutory authority to institute, balancing various public interests. And like § 315 as a whole, it governs the relation of IPRs to other proceedings or actions, including actions taken in district court. Thus, the statutory scheme as a whole demonstrates that § 315 is not “closely related” to the institution decision addressed in § 314(a), and it therefore is not subject to § 314(d)’s bar on judicial review. Cuozzo, 136 S.Ct. at 2142; cf. Credit Acceptance Corp. v. Westlake Servs., 859 F.3d 1044, 1049-51 (Fed. Cir. 2017) (holding that a similar nonappealability provision with respect to post-grant review, 35 U.S.C. § 324(e), does not preclude our review of an estoppel determination under 35 U.S.C. § 325(e)(1)). Accordingly, our review of the statutory language and the statutory scheme reveals no clear and convincing indication of Congress’s intent to bar judicial review of § 315(b) time-bar determinations. Enforcing statutory limits on an agency’s authority to act is precisely the type of issue that courts have historically reviewed. See, e,g., City of Arlington v. F.C.C., 569 U.S. 290, 307, 133 S.Ct. 1863, 185 L.Ed.2d 941 (2013); Bowen, 476 U.S. at 671, 106 S.Ct. 2133; Leedom v. Kyne, 358 U.S. 184, 190, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). As a statutory limit on the Director’s ability to institute IPR, the § 315(b) time bar is such an issue. We hold that time-bar determinations under § 315(b) are reviewable by this court. III. Conclusion The Supreme Court in Cuozzo instructed that the “strong presumption” favoring judicial review “may be overcome by ‘ “clear and convincing” ’ indications, drawn from ‘specific language,’ ‘specific legislative history,’ and ‘inferences of intent drawn from the statutory scheme as a whole,’ that Congress intended to bar review.” 136 S.Ct. at 2140. Finding no such clear and convincing indications, we hold that the Director’s time-bar determinations under § 315(b) are not exempt from judicial review, and overrule Achates’s contrary conclusion. We do not decide today whether all disputes arising from §§ 311— 14 are final and nonappealable. Our holding applies only to the appealability of § 315(b) time-bar determinations. We remand for the panel to consider in the first instance the merits of Wi-Fi’s time-bar appeal. REMANDED TO THE MERITS PANEL . The Director has delegated the authority to institute IPR to the Patent Trial and Appeal Board ("the Board"). 37 C.F.R. §§ 42.4(a), 42.108. We have held this delegation to be constitutionally and statutorily permissible. Ethicon Endo-Surgery, Inc. v. Covidien LP, 812 F.3d 1023, 1033 (Fed. Cir. 2016). . The dissent's reliance on Briscoe v. Bell, 432 U.S. 404, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977), is misplaced. Unlike Cuozzo, Briscoe does not address whether a statutory section precluding judicial review of determinations "under this section” would apply to determinations made under any other section of that statute or a different statute. . Ericsson brought suit against D-Link Systems, Inc., Netgear, Inc., Acer, Inc., Acer America Corp., Gateway, Inc., Dell, Inc., Bel-kin International, Inc., Toshiba America Information Systems, Inc., and Toshiba Corp. Intel Corp. intervened and Ericsson amended its complaint to add Intel as a defendant. See Ericsson Inc. v. D-Link Sys., Inc., No. 6:10-CV-473, 2013 WL 4046225, at *24 n.1 (E.D. Tex. Aug. 6, 2013), aff'd in part, vacated in part, rev’d in part, 773 F.3d 1201 (Fed. Cir. 2014). .The technical aspects of the patents are not relevant to this opinion. , Final decisions of the PTO are reviewed according to the standards provided in the Administrative Procedure Act ("APA”). Cuozzo, 136 S.Ct. at 2142; Unwired Planet, LLC v. Google Inc,, 841 F.3d 1376, 1379 (Fed. Cir. 2016). And 28 U.S.C. § 1295(a)(4)(A) provides this court with exclusive jurisdiction over an appeal from a decision of "the Patent Trial and Appeal Board of the United States Patent and Trademark Office with respect to ... inter partes review under title 35.” . Examples include an agency's discretionary decision not to initiate a proceeding, Cuozzo, 136 S.Ct, at 2140, a grand jury's determination of probable cause, id., and a court’s denial of summary judgment, see Ortiz v. Jordan, 562 U.S. 180, 183-84, 131 S.Ct 884, 178 L.Ed.2d 703 (2011); Switz. Cheese Ass’n, Inc., v. E. Home's Market, Inc., 385 U.S. 23, 25, 87 S.Ct 193, 17 L.Ed.2d 23 (1966); Function Media, LLC v. Google, Inc., 708 F.3d 1310, 1322 (Fed. Cir. 2013). . Although § 314(d) uses language somewhat different from the language of precursor provisions, there is no reason to infer a deliberate broadening of the scope of nonreviewability— certainly not a clear and convincing reason. Indeed, the Court in Cuozzo stressed the similarity of § 314(d) to its precursors, without mentioning differences. 136 S.Ct. at 2140. , For instance, the dissent conflates “real party in interest” as used in § 312(a)(2) and § 315(b), and claims that "§ 312(a)(2) is part and parcel of the timeliness inquiry under § 315.” Dissenting Op. at 1381. This is incorrect. For example, if a petition fails to identify all real parties in interest under § 312(a)(2), the Director can, and does, allow the petitioner to add a real party in interest. See, e.g., Intel Corp. v. Alacritech, Inc., No. IPR2017-01392, Paper No. 11, at 23, 2017 WL 6209219 (P.T.A.B. Nov. 30, 2017); Elekta, Inc. v. Varian Medical Sys., Inc., No. IPR2015-01401, 2015 WL 9898990, at *4, *6 (P.T.A.B. Dec. 31, 2015). For this reason, the PTO has established procedures to rectify noncompliance of § 312(a)(2). Lumentum Holdings, Inc. v. Capella Photonics, Inc., No. IPR2015-00739, 2016 WL 2736005, at *3 (P.T.A.B. Mar. 4, 2016) (precedential); 37 C.F.R. §§ 42.8(a)(3), 42.8(b)(1). In contrast, if a petition is not filed within a year after a real party in interest, or privy of the petitioner is served with a complaint, it is time-barred by § 315(b), and the petition cannot be rectified and in no event can IPR be instituted.