# United States Court of Appeals for the Federal Circuit

---

**LUMINARA WORLDWIDE, LLC,**
*Appellant*

**v.**

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2017-1629, 2017-1631, 2017-1633

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2015-01352, IPR2015-01656, IPR2015-01657, IPR2015-01658.

---

Decided: August 16, 2018

---

PAULINE PELLETIER, Sterne Kessler Goldstein & Fox, PLLC, Washington, DC, argued for appellant. Also represented by KRISTINA CAGGIANO KELLY, RICHARD D. COLLER, III, JON WRIGHT.

MOLLY R. SILFEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for

intervenor. Also represented by THOMAS W. KRAUSE, SARAH E. CRAVEN.

---

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

Luminara Worldwide, LLC, ("Luminara") appeals from three inter partes review ("IPR") decisions, in which the Patent Trial and Appeal Board ("the Board") held unpatentable a total of 31 claims across Luminara's three patents. On appeal, Luminara challenges the Board's decisions as to one claim from each patent and asserts that the Board's application of the 35 U.S.C. § 315(b) time-bar was improper as to the '319 patent. We vacate the decision as to the '319 patent and remand for dismissal of that IPR, holding that the section 315(b) time-bar applies, and affirm the other IPRs.

## BACKGROUND

Luminara owns three patents for making flameless candles that look and behave like real candles. Shenzhen Liown Electronics Co., Ltd. ("Liown") requested inter partes review of 31 claims of Luminara's three patents, U.S. Patent Nos. 8,696,166 ("the '166 patent"), 8,070,319 ("the '319 patent"), and 8,534,869 ("the '869 patent"). The three patents, which employ moving pendulums to simulate the appearance of a natural flame, are related.

The Board instituted inter partes review as to all three patents. In instituting review of the '319 patent, the Board first addressed whether the IPR was time-barred under 35 U.S.C. § 315(b), since the petition was filed more than a year after Liown was served with a complaint alleging infringement. 35 U.S.C. § 315(b) provides that

> inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent.

On November 2, 2012, Candella, LLC, a predecessor in interest of Luminara, filed a complaint in the District of Minnesota against Liown for infringement of the '319 patent. Service of the complaint was acknowledged by the Minnesota Secretary of State on December 3, 2012. On December 16, 2013, the parties having agreed to a dismissal, the district court entered a voluntary dismissal without prejudice pursuant to Rules 41(a)(1)(A)(ii) and (B) of the Federal Rules of Civil Procedure. Stipulation for Dismissal Without Prejudice, *Candella, LLC v. Liown Electronics Co. Ltd. et al.*, No. 12-cv-02803 (D. Minn. Dec. 16, 2013).

On August 5, 2014, Luminara commenced another lawsuit against Liown, again alleging infringement of the '319 patent as to the same products involved in the earlier case. *See* Compl., *Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-cv-03103 (D. Minn. Aug. 5, 2014). On July 31, 2015, within one year of service of the second action, Liown filed for an IPR of the '319 patent. Luminara argued that Liown was time-barred as to the '319 patent under 35 U.S.C. § 315(b) because the petition was filed more than one year after service of the first action.

In instituting the IPR, the Board rejected the timeliness argument because the first action had been voluntarily dismissed without prejudice. The Board relied on cases in which this court considered dismissals without prejudice as "'render[ing] the proceedings a nullity' and 'leav[ing] the parties as though the action had never been brought.'" J.A. 1004 (citing *Graves v. Principi*, 294 F.3d 1350, 1356 (Fed. Cir. 2002); *Bonneville Assocs. Ltd. P'ship*

*v. Barram*, 165 F.3d 1360, 1364 (Fed. Cir. 1999)). The Board wrote that Luminara did not allege any "circumstances that would tend to show the parties are not in the position they were in had the complaint never been served." *Id*. at 1005–06. In the final written decision, the Board again addressed the time-bar issue. The Board stated that there was no "language in 35 U.S.C. § 315(b) or any such indication of legislative intent that the § 315(b) bar was designed to apply to circumstances in which prior complaints were voluntarily dismissed without prejudice." J.A. 82. The Board also relied on the precedential Board decision, *Oracle Corp. v. Click-to-Call Technologies*, No. IPR2013-00312, 2013 WL 11311788, *6–7 (P.T.A.B. Oct. 30, 2013), which held that the one-year time-bar of section 315(b) did not apply if the district court complaint was voluntarily dismissed without prejudice.

On the merits, the Board issued final written decisions determining that all 31 claims were either anticipated or would have been obvious over the prior art. The Board found the claims unpatentable in view of U.S. Patent No. 7,261,455 ("Schnuckle"), both alone and in combination with U.S. Patent No. 782,156 ("Meeker"), and based on Japanese Patent Application No. 2000-284730 ("Baba") and WO 85/03561 ("Wiklund").

Luminara appealed the time-bar determination of the Board with respect to the '319 patent and the obviousness determinations with respect to the three patents. Luminara challenges the Board's obviousness determinations only with respect to three claims. These are claim 4 of the '319 patent, claim 14 of the '166 patent, and claim 34 of the '869 patent. In each case the Board determined that the claims would have been obvious. After Liown declined to participate, the United States Patent and Trademark Office intervened to defend the Board's deci-

sion.    We  have  jurisdiction  under  28  U.S.C.
§ 1295(a)(4)(A).

DISCUSSION

I

On  appeal,  we  first  address  whether  the  Board
properly instituted review of the claims in the '319 patent,
an issue that is reviewable under our en banc decision in
*Wi-Fi One, LLC v. Broadcom Corp.*, 878 F.3d 1364, 1367
(Fed.  Cir.  2018)  (en banc).    Luminara  argues  that  the
Board  erred  in  instituting  review  because  Liown  was
time-barred by 35 U.S.C. § 315(b).

Our  court  has  now  considered  whether  sec-
tion 315(b)'s time-bar applies to bar institution when an
IPR  petitioner  was  served  with  a  complaint  for  patent
infringement more than one year before filing its petition,
but the district court action in which the petitioner was so
served  was  voluntarily  dismissed  without  prejudice.    In
*Click-To-Call Technologies, LP, v. Ingenio, Inc*, No. 15-
1242 (Fed. Cir. Aug. 16, 2018) the en banc court held that
section 315(b)'s time-bar applies in such a scenario.

Thus,  because  the  section  315(b)  time-bar  applies
when the underlying complaint alleging infringement has
been  voluntarily  dismissed  without  prejudice,  the  Board
erred  in  instituting  the  IPR  challenging  the  '319  patent.
We vacate the Board's final written decision as to the '319
IPR  and  remand  for  dismissal  of  that  IPR.

II

We  next  address  the  obviousness  rejections  as  to  the
'166 and '869 patents.  For obviousness, we "review the
Board's  ultimate  claim  constructions  de novo  and  its
underlying  factual  determinations  involving  extrinsic
evidence  for  substantial  evidence."    *In re Man Mach.*

*Interface Techs. LLC*, 822 F.3d 1282, 1285–86 (Fed. Cir. 2016).

The Board determined that claim 14 of the '166 patent would have been obvious over Schnuckle, or a combination of Baba and Wiklund. Claim 14 reads: "[t]he apparatus of claim 13, wherein the pivot hole is larger in diameter than an exterior dimension of the support element, whereby the flame body swings or pivots freely about the support element." '166 patent, col. 24 ll. 29–32. The Board concluded that the claim would have been obvious since both Schnuckle and Baba disclose a pivot hole that "is larger in diameter" than the support element, "whereby the flame body swings or pivots freely about the support element." J.A. 61–62. Since both references contain a hole that is larger in diameter than the rod, the Board determined that claim 14 would have been obvious and, with respect to Baba and Wiklund, that there would have been motivation to combine the references. On appeal, Luminara argues that Schnuckle and Baba do not disclose a claimed pivot hole that is "larger in diameter" than the support element, "whereby the flame body swings or pivots freely about the support element."

The ability to rotate "about" or "around" a supporting rod means that there is relative motion between the two parts. J.A. 2595 ("The use of the terminology of rotational movement about a body, indicates relative motion between two parts."); J.A. 2606 ("The terms rotate *about* an object and rotate *around* an object both describe relative motion between the two objects."). Dr. Delson explained that such relative motion necessarily implies that the hole is bigger than the rod, and that parts of Baba's drawings indeed show a hole bigger than the rod. While Luminara argues that the claim limitation necessitates movement in additional directions, the claim only requires the ability to "swing or pivot," not necessarily movement in other directions. We agree with the Board that "the conven-

tional usage of rotation about a structure suggests movement relative to the structure," J.A. 28–29, and find that substantial evidence supports the Board's conclusion that if relative movement is possible, a person of ordinary skill would know that the pivot hole is larger in diameter than the rod.

Finally, the Board found that claim 34 of the '869 patent would have been obvious. That claim provides:

> An apparatus for simulating a flickering flame effect, comprising:
>
> a housing including an interior space;
>
> a pendulum member pivotally mounted within the interior space, the pendulum member including first and second ends, wherein the pendulum member further includes a flame element extending from a second end opposite the first end, such that at least a portion of the flame element extends outwardly from the housing;
>
> a first light source selectively transmitting light onto the flame element; and a drive mechanism positioned in the housing and operating to provide kinetic motion to the first end of the pendulum member
>
> wherein the pendulum member is pivotally mounted using a pendulum support member that extends through a hole in the pendulum member and
>
> wherein the pendulum support member is coupled to the housing to remain stationary during pivotal movement of the pendulum member by the drive mechanism.

'869 patent, col. 26 l. 59–col. 27 l.11. The Board concluded that claim 34 would have been obvious based on the combination of Schnuckle and Meeker. The Board ex-

plained that Schnuckle's gimbal mechanism could be replaced by Meeker's wire to render the invention obvious and that there was motivation to combine the prior art references.

On appeal, Luminara argues that it was not afforded proper notice, because while Liown's petition specified the replacement of Schnuckle's rod 18, it did not specify that the gimbal mechanism would be replaced. Luminara contends that this represents a change in the obviousness theory.

The Board did not change the obviousness argument midstream. Liown's petition explained that the proposed combination of Schnuckle and Meeker would remove Schnuckle's entire gimbal structure: "Meeker's support structure would be simpler and less costly to manufacture than the gimbal structure." J.A. 1429. The petition specifically pointed out that "the support wire, with its both ends connected to the housing, would provide a support." J.A. 1433. In the Board's institution decision, the Board similarly recited the petition's explanation that "both ends" of Meeker's support wire would be "connected to the housing" of Schnuckle in the proposed combination. J.A. 1580. These descriptions made it clear from the outset that the modification involved eliminating the entire gimbal. Indeed, it is difficult to imagine how Schnuckle's rod could be replaced, and the structure could be connected to the housing, if the gimbal structure was not removed. In its preliminary response, Luminara responded to the argument that the entire gimbal would be replaced. Liown's reply further explained that the entire gimbal would be replaced. Thus the obviousness theory did not change, and we affirm the Board's decision.

## CONCLUSION

We vacate the Board's final written decision in IPR2015-01656, which addressed the '319 patent, because the petition in that IPR was time-barred, and we remand

for dismissal of that IPR.  Because substantial evidence supports the Board's obviousness determinations for claim 14 of the '166 patent and claim 34 of the '869 patent, we affirm the Board's decision that these claims would have been obvious.

## AFFIRMED-IN-PART, VACATED AND REMANDED-IN-PART

Costs

No costs.